IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
          Plaintiff,

v.                                                            **No.** CR 09-863 MCA

**MARK E. HOPKINS, and**
**SHARON J. HOPKINS,**
          Defendants

## ORDER

**THIS MATTER** is before the Court on *Defendants' Opposed Motion To Strike* [Doc 254]. Having fully considered the pleadings of record, the applicable law, the evidence and arguments of counsel presented at the hearings, and otherwise being fully advised in the premises, the Court denies Defendant's *Motion*.

Defendants' *Motion* concerns Exhibits 100 through 136, which have been admitted without objection. Defendants argue that those exhibits, labeled "Certificates of Assessment, Payments, and Other Specified Matters" (Certificates), constitute inadmissible hearsay because they do not satisfy the business record or public record exception to the hearsay rule. [Doc 254 at seven] See Fed. R. Evid. 803(6), (8). Specifically, Defendants contend that the offering witness should have testified from the Individual Master File (IMF), because that is the "real computer/business/public record for this case." [Id.] In addition, Defendants maintain that the testimony showed that "somebody else at the IRS prepared from computer data contained in the [IMF]

'summaries' 'in plain English' of the computer data contained on the [IMF]." [Id.]

The offering witness, Ms. Barham, was recalled to the stand, outside the presence of the jury on September 23, 2010. The Court questioned her regarding the creation of the Certificates. Ms. Barham testified that she personally input the Hopkins's information into an IRS computer program, and she input a particular IRS-generated code. That code corresponds to a request for the computer to generate the Certificates. She retrieved the Certificates, had them certified, and sent them to the case agent. The Court finds that Ms. Barham generated and created the Certificates.

Turning to the hearsay question, there is no dispute that the information in the IMF satisfies the business records exception to the hearsay rule. The Court finds that the proffered IMF printout (Defendants' Exhibit M:BE) is admissible evidence to the extent that it does not offend the hearsay rules. The Certificates are summaries generated from the IMF records by Ms. Barham's computer request. Federal Rules of Evidence 1006, permits the admission of "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court . . . presented in the form of a chart, summary, or calculation." Rule 1006 requires that "[t]he originals, or duplicates, shall be made available for examination or copying or both, by other parties at reasonable time and place."

The IMF printout (Defendants' Exhibit M:BE), offered by Defendants, comprises a series of coded entries, dollar amounts, and dates. The data included there is voluminous in context and content, and it cannot be conveniently examined in court. The

Certificates are therefore generated by the computer in order to present comprehensible information in document form to a jury. Defendants have not pointed to any specific discrepancies between the Certificates and the IMF. In fact, Ms. Barham further testified, when she was recalled, that she had conducted a comparison of the IMF printout (Defendants' Exhibit M:BE) and the Certificates (Government's Exhibits 100 through 136), and she found no discrepancy between the documents. Accordingly, the Court finds that the Certificates satisfy the requirements of Rule 1006—the Certificates summarize the contents of the proffered IMF printout and the IMF record was made available to Defendants in June 2010. Thus, Exhibits 100 through 136 will not be stricken and remain as admitted exhibits.

Defendants additionally request that the IMF printout be admitted as an exhibit, to accompany the Certificates. Although Rule 1006 requires that summary evidence must be based on admissible evidence, our Circuit does not require that the "materials upon which the summary is based . . . be admitted into evidence." United States v. Samaniego, 187 F.3d 1222, 1223 (10th Cir. 1999). After considering the requirements of Federal Rules of Evidence 403, this Court concludes that the IMF printout has little probative value and will simply confuse the jury. See Fed. R. Evid. 403 (evidence is not admitted "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). As was stated, Defendants have not identified any discrepancies between the IMF and the Certificates, nor have they

shown that any material information is present in the IMF and omitted in the Certificates. Admission of the IMF printout (Defendants' Exhibit M:BE) presents a substantial danger of confusing the issues, confusing the jury, and delaying the proceedings. See id. In addition, because the Certificates summarize the information in the IMF printout, the IMF is cumulative evidence.

**IT IS THEREFORE ORDERED** that Defendants' proffered Exhibit M:BE will not be admitted and *Defendants' Opposed Motion To Strike* [Doc 254] is **DENIED**.

**SO ORDERED** this 24th day of September, 2010, in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
United States District Judge