# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                No. 2:09-cr-00863 MCA
                                                                               2:17-cv-0419 MCA/SMV

MARK HOPKINS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Motion to Vacate Sentence Under 28 U.S.C. § 2255 ("Motion") (Doc. 367).[1] Defendant Mark Hopkins is incarcerated and proceeding *pro se.* He asks the Court to modify his conviction and sentence for tax evasion because his untainted assets were frozen and therefore unavailable to fund his defense. For the reasons below, the Court will dismiss the Motion as untimely but grant a certificate of appealability.

## I. BACKGROUND

On September 29, 2010, Defendant was convicted by a jury of tax evasion and conspiracy to defraud the United States in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 371. (Doc. 270). Defendant was sentenced to 120 months imprisonment followed by a three-year term of supervised release. (Doc. 308). The Court also ordered him to pay the Internal Revenue Service ("IRS") $1,744,222.26 in restitution. *Id.* Judgment on the conviction and sentenced was entered on June 2, 2011. *Id.*

Defendant appealed his conviction and sentence to the United States Court of Appeals for

---

[1] All document references are to documents filed in criminal case no. 09-cr-00863.

the Tenth Circuit ("Tenth Circuit") on June 8, 2011. (Doc. 312). By a mandate issued March 12, 2013, the Tenth Circuit affirmed. (Doc. 353). Defendant did not pursue any further appeals. Judgment on his conviction and sentence therefore became final no later than June 11, 2013, the first business day following the expiration of the 90-day period to seek review from the United States Supreme Court. *See United States v. Prows,* 448 F.3d 1223, 1227 (10th Cir. 2006) ("In the context of the one-year limitation period for filing a § 2255 motion, a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires."). Defendant filed the instant § 2255 Motion on April 6, 2017. (Doc. 367).

## II. DISCUSSION

"A § 2255 motion must generally be filed within one year of 'the date on which the judgment of conviction becomes final.'" *United States v. Mulay,* --- Fed. App'x ---, 2018 WL 985741 (10th Cir. Feb. 20, 2018) (unpublished) (quoting 28 U.S.C. § 2255(f)(1)). The one-year limitation period can be extended where:

(1) The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2) The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3) The inmate could not have discovered "the facts supporting the claim … through the exercise of due diligence." § 2255(f)(4)

Courts may consider timeliness of a § 2255 motion *sua sponte* unless the government affirmatively waives the issue. *See Wood v. Milyard*, 566 U.S. 463, 473-74 (2012).

Defendant acknowledges the Motion was filed nearly three years after his conviction and

2

judgment became final.  (Doc. 367).  However, he argues that "[n]ew law, *Luis v. U.S.,* [136 S.Ct. 1083 (2016)] opens the window for § 2255 for new consideration."  (Doc. 367, p. 12).  *Luis* held that the Government's pretrial restraint of untainted assets violates a defendant's constitutional rights if it prevents the defendant from hiring counsel of his or her choice.  Defendant argues a pre-trial IRS lien prevented him from retaining different counsel.

As discussed above, to obtain relief under *Luis,* the case must provide a new right made retroactive on collateral review.  28 U.S.C. § 2255(f)(1).  "[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *United States v. Taylor,* 672 Fed. App'x 860, 864 (10th Cir. 2016) (citing *Teague v. Lane*, 489 U.S. 288 (1989)).  "Rules are dictated by precedent when they are 'apparent to all reasonable jurists.'" *United States v. Greer,* 881 F.3d 1241, 1245 (10th Cir. 2018) (quotations omitted).  "Conversely, a rule is not new if it is merely an application of an existing right or principle."  *Id.*

The Supreme Court's opinion in *Luis* was based primarily on the application of two existing cases: *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617 (1989) and *U.S. v. Monsanto,* 491 U.S. 600 (1989).  For this reason, courts have consistently held that *Luis* is not retroactively applicable on review.  *See Thaw v. United States*, 2016 WL 4623053 (N.D. Tex., Aug. 16, 2016) (unpublished); *Noel v. United States*, 2017 WL 548985 (W.D. N.C., Feb. 8, 2017) (unpublished); *Valencia-Trujillo v. United States,* 2017 WL 3336491 (M.D. Fla. Aug. 4, 2017) (unpublished); *Clark v. Harmon*, 2017 WL 2493271, at *2 (N.D. Tex. May 10, 2017) (unpublished); *Farkas v. Andrews,* 2017 WL 4518684 (E.D.N.C. Oct. 10, 2017) (unpublished); *Rand v. United States,* 2018 WL 1114376 (N.D. Tex. Jan. 8, 2018) (unpublished); *United States v. Watson,* 2017 WL 4698962 (S.D. Tex. Oct. 19, 2017) (unpublished).  *Luis* therefore does not afford Defendant a later accrual date for purposes of § 2255(f)(3), and the Motion is time-barred under § 2255(f)(1).

Because the question of retroactive applicability of *Luis* has not been addressed by the Tenth Circuit, the Court will grant Defendant a Certificate of Appealability under Habeas Corpus Rule 11(a).

**IT IS ORDERED** that Defendant Mark Hopkins' Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Doc. 367) is **DISMISSED** as untimely; and a Certificate of Appealability is **GRANTED** under Habeas Corpus Rule 11(a).

_____
UNITED STATES DISTRICT JUDGE